IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| B.M., : | |
| : | |
| Plaintiff, : | |
| : | 1:19-CV-57 (TQL) |
| VS. : | |
| : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| _____ : | |

**ORDER**

Plaintiff filed this Social Security appeal on April 24, 2019, challenging the Commissioner's final decision denying his disability application, finding him not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Both parties consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to, ordering the entry of judgment. (Doc. 12; Clerk's entry on May 21, 2019). The parties may appeal from the judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

*Legal Standard*

In reviewing the final decision of the Commissioner, this Court must evaluate whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards to the evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, which is defined as more than a mere scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Dyer v. Barnhart*, 395 F.3d

1206, 1210 (11th Cir. 2005); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

"Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "In contrast, the [Commissioner's] conclusions of law are not presumed valid . . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520, 416.920. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant suffers from a severe impairment which significantly limits his or her ability to carry out basic work activities. Third, the Commissioner evaluates whether the claimant's impairments meet or equal listed impairments in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) will allow a return to past relevant work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

Plaintiff filed an application for a period of disability and disability insurance benefits on April 20, 2017. (Tr. 10). Plaintiff alleged an initial onset date of April 20, 2017. (Tr. 10). The Social Security Administration denied Plaintiff's claims initially and upon reconsideration. (Tr. 61, 77). Plaintiff requested a hearing and appeared before an administrative law judge ("ALJ") on October 26, 2018. (Tr. 27, 109).

In a decision dated December 17, 2018, the ALJ determined Plaintiff was not disabled. (Tr. 21). The ALJ's decision became the final decision of the Commissioner upon the Appeals Council denying review. (Tr. 1-3).

*Statement of Facts and Evidence*

Plaintiff was 54 years of age at the time of the ALJ's decision. (Tr. 21, 61). Plaintiff has a high school education and past relevant work as an operations agent, and an air traffic control supervisor. (Tr. 34-35, 52).

The ALJ determined that Plaintiff suffers from the following severe impairments: obesity, osteoarthritis, degenerative disc disease, diabetes mellitus, and carpal tunnel syndrome. (Tr. 12). The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 15). According to the ALJ,

> [Plaintiff] has the residual functional capacity to perform light work . . . with exceptions. [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk 6 hours and sit 6 hours. [Plaintiff] can perform occasional postures of climbing ramps or stairs, balancing, and stooping but not kneeling, crouching, or crawling. [Plaintiff] cannot climb ladders, ropes, scaffolds or similar hazards. [Plaintiff] can have frequent use of the upper extremities and lower extremities for such as pulling/pulling or operating controls. [Plaintiff] can perform occasional overhead reaching on the right.

(Tr. 15). The ALJ determined Plaintiff is capable of performing past relevant work as an operation agent and air control traffic control supervisor. (Tr. 20). Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from April 20, 2017, through the date of his decision. (Tr. 21).

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to analyze the treating opinion evidence in accordance with the regulations, Agency policy, and Eleventh Circuit precedent. (Doc. 15, p. 1). Plaintiff further argues that the ALJ's credibility assessment is deficient. *Id.*

*Treating Opinion Evidence*

In March 2017, the regulations regarding the evaluation of medical evidence were amended. *See* 20 C.F.R. § 404.1520c. As Plaintiff's claim for benefits was filed on April 20, 2017, the new regulations apply. (Tr. 10). Under the new regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). In evaluating the persuasiveness of medical opinions and prior administrative medical findings, the most important factors considered are supportability and consistency. *Id.* "Other than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (quoting *Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)). However, when "medical opinions or prior administrative medical findings about the same issue are equally well-supported . . . and consistent with the record," the Commissioner "will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section." 20 C.F.R. § 404.1520c(b)(3).

Plaintiff argues that the ALJ's analysis does not follow the regulations outlined above. Specifically, Plaintiff challenges the ALJ's decision finding the non-examining medical consultants' opinions more persuasive than that of Dr. M. Woodward. (Doc. 15, pp. 10-16). In determining the RFC, the ALJ did not assign great weight to Dr. Woodward's opinion, while finding the opinions of the state agency medical consultants were persuasive. (Tr. 18-19). As such, the ALJ did not find these opinions were equally persuasive. In reviewing the ALJ's determination of persuasiveness, the Court evaluates whether the ALJ adequately explained how he considered

the supportability and consistency factors. *See Freyhagen*, 2019 WL 4686800, at *8 (rejecting a Plaintiff's argument that the opinions of two doctors were equally persuasive when the ALJ adequately explained how he considered the supportability and consistency factors in his analysis).

In his analysis of Dr. Woodward's opinion, the ALJ noted the following: "Dr. Woodward opined [Plaintiff] had limitations with gross and fine, dexterous movements on the left and a[n] impairment with gross and fine, dexterous movements on the right," "[h]e opined [Plaintiff's] pain and other symptoms would frequently interfere with attention and concentration needed to perform simple work tasks", and "[h]e opined [Plaintiff] would be absent from work more than two days a month." "Dr. Woodward thought [Plaintiff] had the ability to lift and carry 5 pounds occasionally, sit 2 hours and stand/walk 1 hour in an 8-hour day, and could not use his hands or feet for repetitive movements, bend, squat, climb, crawl, reach, or stoop," and "[h]e opined [Plaintiff] needed to rest 5 hours each day." (Tr. 18). The ALJ did not assign great weight to this opinion because he found it inconsistent with other evidence in the record. Specifically, the ALJ noted imaging studies of the cervical spine and lumbar x-rays that did not reveal evidence of an acute osseous pathology, as well as hip x-rays that were within normal limits. (Tr. 18). This analysis comports with the requirements of the new regulations. *Moberg v. Comm'r of Soc. Sec.*, 2020 WL 4936981, at *4 (M.D. Fla. Aug. 24, 2020) (finding an ALJ's consideration of medical opinions "comported with the requirements of the new Social Security Regulations because the ALJ articulated the evidence affecting the supportability and consistency of each medical opinion and determined whether such opinion was supported by the weight of the record evidence").

In his analysis of the state agency medical consultants' opinions, the ALJ noted the following: "[the consultants] opined [Plaintiff] had the capacity to perform medium work with postural, manipulative, and environmental limitations." (Tr. 19). The ALJ found these opinions

were "not far from the light residual functional capacity assessment and are persuasive, though time has passed and the more complete record gives [Plaintiff] slight additional limitations." (Tr. 19). This analysis does not comply with the new regulations as the ALJ failed to discuss how he considered the supportability and consistency factors. *See Pierson v. Comm'r of Soc. Sec.*, 2020 WL 1957597, at *6 (M.D. Fla. Apr. 8, 2020) (finding the ALJ's statements that "there is no support on record for Dr. Perdomo's limited residual functional capacity," and "[t]he claimant's daily activities also contradict Dr. Perdomo's opinion" did not meet the requirements of the new regulations because the ALJ did not link specific records to the opinion or specify how or which of the claimant's activities contradicted the opinion). As the ALJ did not properly assess the state agency medical consultants' opinions, his decision is subject to reversal and remand. *Id.* at *7 (recommending reversal and remand when the ALJ did not properly evaluate the medical opinion).

*Credibility*

In light of the above finding, it is not necessary for the Court to address the additional error enumerated in Plaintiff's brief.

## CONCLUSION

As the Commissioner's decision that Plaintiff was not disabled is not supported by substantial evidence, the Commissioner's decision is **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 4th day of September, 2020.

s/**THOMAS Q. LANGSTAFF**
UNITED STATES MAGISTRATE JUDGE
