## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| B. M., | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | :   1 : 19-CV-57 (TQL) |
| COMMISSONER OF SOCIAL SECURITY, | : |
| | : |
| Defendant. | : |
| _____ | : |

### ORDER

The above-styled Social Security appeal is presently before the Court on Plaintiff's Motion for Attorneys' Fees. (Doc. 23). The district court entered an order remanding the case to the administrative level for further proceedings. (Doc. 21). Plaintiff seeks attorneys' fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act (EAJA). (Doc. 23). Plaintiff seeks attorneys' fees in the amount of $8,758.62, based on 42.7 hours of work at a rate of $205.12. (Doc. 23, pp. 2-3). The Commissioner objects to Plaintiff's motion because the number of hours for which Plaintiff seeks compensation is unreasonably excessive. (Doc. 24). Plaintiff filed a reply but does not appear to seek additional fees for the time spent preparing the reply. (Doc. 25).

### DISCUSSION

The EAJA, as codified at § 2412(d)(1)(A), provides that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The Commissioner notes that the time requested is greater than the high end of the typical range for EAJA cases and argues that the time spent reviewing the transcript and briefing this matter should be reduced by at least 4 hours. (Doc. 24, pp. 3-4).

The district court is responsible for excluding unreasonable or unnecessary hours from an attorney's fee award. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). The typical work time in an EAJA case ranges between twenty (20) and forty (40) hours. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (survey of social security disability cases suggests an average range of twenty to forty hours); *Grey v. Chater*, 1997 WL 12806, at *1-2 (S.D.N.Y. Jan. 14, 1997) (citing cases supporting a "twenty to forty hour benchmark" for social security fee awards); *Hardy v. Callahan*, 1997 WL 470355, at *9 & n.10 (E.D. Tex. Aug. 11, 1997) (finding that the typical social security fee award under EAJA is between thirty and forty hours). However, a determination of reasonable fees under the EAJA is dependent on the facts of each case, and courts have awarded attorney's fees above the typical range. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *see also Scogin v. Colvin*, 2013 WL 5972201 (M.D. Ga. Nov. 8, 2013) (finding 46.85 hours to be reasonable); *McCollough v. Colvin*, 2013 WL 2458417, at *2 (M.D. Ga. June 6, 2013) (finding 50.2 hours to be reasonable).

Here, Plaintiff is requesting an award of attorneys' fees for 42.7 hours worked. The undersigned finds that 42.7 hours is generally reasonable for this particular case as the transcript was nearly 1,200 pages. *See Roberts v. Colvin*, 2013 WL 3158103, at *1-2 (M.D. Ga. June 20, 2013) (finding 47.35 hours was reasonable when the administrative record was over 600 pages); *Jipson v. Comm'r of Soc. Sec.*, 2014 WL 2951824, at *3 (M.D. Fla. July 1, 2014) (noting that "[t]he [over 1,000 page] transcript would also require counsel to expend additional hours for the preparation of the Brief. While the Court acknowledges that the hours expended may be higher

than some other attorneys expend on these tasks, the Court does not find that the hours expended were unreasonable"). Further, this Court has cited other case decisions finding that the average time spent writing a brief for a non-complex social security case is twenty hours. *Marshall v. Astrue*, 2011 WL 2604768, at *3 (M.D. Ga. May 10, 2011) (citing *Jackson v. Astrue*, 2010 WL 2332069 (N.D. Fla. May 11, 2010)). Despite such a lengthy transcript, the Court notes that Plaintiff's counsel only spent 15.4 hours, which is less than the average, drafting the brief in this case. (*See* Doc. 23-1).

## CONCLUSION

Thus, for the foregoing reasons, Plaintiff's Motion for Attorneys' Fees (Doc. 23) is **GRANTED.** Plaintiff is awarded attorneys' fees in the total amount of $8,758.62, for 42.7 hours of attorney work.

Pursuant to the dictates of *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment should be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government may accept an assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

**SO ORDERED**, this 26th day of March, 2021.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE